Mr. Justice Humphreys
delivered the opinion of the court:
Plaintiff, as trustee in a chattel-mortgage deed, brought replevin against defendant, the marshal of this District, who had levied an execution upon furniture included and described in the deed. The record discloses that the execution of the chattel-mortgage was admitted; that, at the time of its execution, Olive M. Hefcchman, the person who made the deed, was the owner of the goods and chattels mentioned therein, being parts of the same levied upon.
The testimony was conflicting as to the fact whether the deed was delivered before the writ of execution was levied on the property. The defendant makes no question as to the proper record of the mortgage, and it is not here as a question in the case. The instruction given to the jury, to which exception by plaintiff was taken, at request of plaintiff, was this:
“If the jury are satisfied by the evidence that the deed of trust from Olive M. Hetchman to the plaintiff, Storrs, was not in fact at any time placed in his possession by her, or *553 given to another person for him. at his request, or left at the recorder’s office subject to his order and with his knowledge and consent, there was no delivery, and they must find for the defendant. The delivery of a deed to the register, to be recorded without the knowledge of the grantee, is not sufficient.”
This was the only charge given, as shown by the transcript of the record. This was error all through and all over. The cases of Adams vs. Adams, 21 Wall., 185, and those cited in the opinion, settle the error in the prayer and charge.
It is urged by counsel for defense that the bill of exceptions does not show that there was no other evidence upon which the verdict may have been based. Even if there had been other testimony, if we find a clearly erroneous prayer asked and given by the court, we cannot tell upon what the jury found their verdict. Plaintiff was wronged in law by the charge of the prayer, and the law presumes an injury. It often occurs in practice that parties ask too much of a court in insisting upon prayers immaterial to their cause, but •which, if given in the hurry of the trial of causes at nisi prius, will be erroneous.
Here we have before us a clearly erroneous charge, given, as the record discloses, at the request of counsel for the defendant. We can conceive of nothing that would cure the error of this prayer and charge. Even if all the testimony was set out, and there was any conflict, we could not wrest the cause from the jury. The charge prayed for was of itself sufficient to base a verdict for defendant upon, and that being full of error, we are forced to the conclusion that the jury found their verdict upon that instruction. Facts are to be found by a jury. If they had found all facts for the plaintiff except those involved in the prayer and charge, and had found these against him, their verdict must necessarily have been for defendant. We are therefore forced to conclude an an injury to plaintiff.
In the case of Adams vs. Adams, 21 Wall., before referred to, the court, Mr. Justice Hunt delivering the opinion, say : "We are of opinion that the refusal of Appleton, in 1870, to accept the deed, or to act as trustee, is not a controlling ■circumstance.”
*554 In the case before us the court was asked to change the negative and to assert the law to be that plaintiff must prove, affirmatively, that the deed was placed in his hands by Mrs. Hetchman. He was in court asserting his title, as trustee, to the property. Why the instruction was asked or given we cannot conceive from anything that is shown in the record. In the case of Adams, the trustee named in the deed refused to accept, and the court of equity appointed a trustee. In this case before us, the trustee comes into court, and by his suit precludes the inquiry into the question of even delivery, so far as he is concerned, by bringing the suit. No question is made by the alleged grantor. The grantee of the legal title asserts his acceptance of the trust by coming into court and suing for the property. Counsel are often persistent in offering prayers and asking instructions to a jury, which, if granted, will be error, and reverse a judgment founded upon a verdict on such instructions. A court is not responsible for such error in the rapidity with which trials take place before juries. Parties are presumed, through counsel, to watch their own interests and their cause, and when they ask more than they are entitled to the judge often reverses himself. When a jury is impaneled, they take an oath to ascertain the facts and to take the law from the court. This is seldom violated on the part of the jury. Eesponsibility must go báck to the source of it. Counsel, learned in the law, are often employed by parties to conduct their cause according to the well-established rules of law, rules which will stand the test of many tribunals, and they must not, in haste, urge upon a court any proposition which is not sound enough to stand litigation and the sharp legal criticisms of an active antagonist. No party is willing to surrender a contest till he has had all the rules of law applied fairly to his case.
This judgment must be reversed, and a reversal is hereby ordered.